**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  10-cv-00050-REB-MEH

WILLIAM C. CRABBE,

     Applicant,

v.

B. DAVIS, Warden,

     Respondent.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the applicant's **Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241** [#1][1] filed January 11, 2009; (2) the magistrate judge's **Recommendation on Application for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241** [#16] filed July 9, 2010; and (3) the applicant's **Objection To Recommendation on Application for Writ of Habeas Corpus** [#17] filed July 22, 2010.  I overrule the objections, approve and adopt the recommendation, and deny the applicant's application.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully the recommendation, objections, and applicable law.  In addition, because the applicant is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  The recommendation is detailed and well-reasoned.  Finding no error in the magistrate judge's reasoning and recommended disposition, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.  I find also that the objections [#17] stated by the applicant are without merit, and, thus, I overrule those objections.

The applicant, William Crabbe, is serving a 37 month term of imprisonment at the Federal Prison Camp (FPC) at Florence, Colorado.  Crabbe's projected release date is July 17, 2011.  In June, 2009, Charles Porco, a case manager at the FPC, conducted an individualized review of Crabbe to determine Crabbe's Residential Reentry Center designation under the Second Chance Act of 2007, which is codified in various sections between 42 U.S.C. §§ 17501 - 17555, and 42 U.S.C. §§ 3797w-2 - 3797dd-1, and under 18 U.S.C. § 3624(c)(1).  Section 3624(c)(1) provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

After the review was complete, Crabbe was designated to be placed in an RRC for 90 days.  Porco concluded that Crabbe will require "very little assistance reintegrating back into society due to Crabbe's "education, family ties, [and] financial resources . . . ."  *Respondent's Response To Order To Show Cause* [#12] filed March 8, 2010, Exhibit 5, p. 1.

In his application for relief under § 2241, Crabbe requests that the court order the

respondent "to immediately reconsider [the respondent's] designation for 12 months of RRC placement." *Application for Writ of Habeas Corpus under 18 U.S.C. § 2241 - Memorandum in Support* [#2] filed January 11, 2010, p. 16.  Crabbe requests also that the respondent be ordered to produce a written rationale for his decision about Crabbe's RRC placement, that certain criteria not be considered as valid in the reconsideration, and that the respondent be ordered to utilize criteria that are objective and reasonable, and are not arbitrary or capricious.  *Id.*

The magistrate judge details in his recommendation the law applicable to consideration for RRC placement and the application of those legal requirements to Crabbe's case.  I concur with the magistrate judge's well-reasoned conclusion that the respondent did not violate the applicable law in evaluating Crabbe's RRC designation.

In his objection [#17], Crabbe contends that Porco failed to consider the fact that Crabbe now has no financial resources and has a negative net worth.  Crabbe raises this contention for the first time in his objection to the magistrate judge's recommendation.  I may disregard a new issue raised for the first time in an objection to a recommendation.  However, even if Porco did not have accurate information about Crabbe's financial condition, nothing in the record indicates that the information Crabbe contends is accurate would require a different determination concerning Crabbe's RRC placement under the applicable law.  Notably, Crabbe states in his objection that his central claim never has been about the accuracy of the data considered by Porco.  *Objection* [#17], p. 2.  Rather, he notes that his claim is that there is no objective connection between that data and the decision to "award Petitioner 3 months (rather than 2, 4, 5, or 12 months) of RRC placement."  *Id.*

Crabbe contends also that the respondent did not properly consider the risk of

recidivism in the RRC evaluation.  Crabbe relies on the general contention that longer incarceration is associated with a greater risk of recidivism.  He appears to argue that this association augurs strongly in favor of a longer placement in RRC to extenuate Crabbe's risk of recidivism.  Notably, Crabbe's RRC review includes a note that "minimum security offenders with little or no prior criminal record," such as Crabbe, "are unlikely to re-offend and their recidivism rate is relatively low."  *Respondent's Response To Order To Show Cause* [#12] filed March 8, 2010, Exhibit 5, p. 2.  Crabbe's argument based on the risk of recidivism does not support his request for relief under § 2241.

Crabbe argues also that regional memoranda issued by the Federal Bureau of Prisons have resulted in an application of the relevant law that does not properly reflect the intent or wording of the relevant statutes.  I have reviewed Crabbe's arguments on this issue, including those he states in his objection [#17].  I disagree with Crabbe's arguments on this point, and I conclude that the analysis of the magistrate judge on this issue is correct.  Finally, the magistrate judge notes that Crabbe asserts some arguments that concern circumstances faced by other individuals seeking RRC placement, even though Crabbe himself does not face those particular circumstances.  The magistrate judge properly disregarded any such arguments as irrelevant.

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Recommendation on Application for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241** [#16] filed July 9, 2010, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in applicant's **Objection To Recommendation on Application for Writ of Habeas Corpus** [#17] filed July 22, 2010, are **OVERRULED** and **DENIED**;

4

3. That the applicant's **Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241** [#1] filed January 11, 2009, is **DENIED**;

4. That the respondents are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

5. That this case is **DISMISSED WITH PREJUDICE**.

Dated November 3, 2010, at Denver, Colorado.

                                              **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge